UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

**Jane C. Schinella,**

   Plaintiff,

v

**Iron County,**

   Defendant.

File No:

Hon.

**Complaint and Jury Demand**

  Comes now the plaintiff, Jane C. Schinella, through her attorneys, Petrucelli & Waara, P.C., and for her complaint states:

**Parties, Jurisdiction, and Venue**

  1. Plaintiff, Jane C. Schinella, is a citizen of Michigan and lives at 102 North Iron Lake Road, Iron River, MI 49935.

  2. Defendant, Iron County, is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan, which is designated within M.C.L. 211.78 as a "foreclosing governmental unit" through its Treasurer to implement the statutory scheme set forth therein to foreclose upon and sell real property for non-payment of real property taxes.

  3. This action arises from a property tax foreclosure of Jane C. Schinella's home in Iron County, Michigan, by the Iron County Treasurer.

4. Jane C. Schinella claims the defendant took title to her tax-delinquent property, sold it, and did not reimburse her for the difference between the value of her home and the delinquent debt.

5. Jane C. Schinella does not challenge the foreclosure of her property; instead, she asserts violations of her rights under the United States and Michigan common law concerning the tax auction sale.

6. Specifically, Jane C. Schinella claims that Iron County wrongfully kept the sales proceeds exceeding the taxes she owed on the property and seeks monetary damages for her injuries and losses.

7. The wrongful conduct happened in Iron County, Michigan, in 2019.

8. All statutes of limitations regarding Jane C. Schinella's claims were tolled during the pendency of *Wayside Church v. Van Buren County*, No. 1:14-cv-1274 (W.D. Mich.), a putative class action where she was a member of the class, that she opted out of on 22 July 2023.

9. This Court has subject matter jurisdiction of this action as the federal claims in this Complaint arise under the Fifth and Fourteenth Amendments to the United States Constitution, and, as a result thereof, jurisdiction is proper under 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction over the claims in this Complaint arising under Michigan's common law under 28 U.S.C § 1367 since the claim arises out of a common nucleus of operative facts with the federal claims that are within this court's original jurisdiction.

11. The venue of this action is laid correctly, under 29 U.S.C. § 1132(e)(2), in the United States District Court for the Western District of Michigan, as, among other things, the defendant is within its geographical jurisdiction and conducts business within the same.

## General Allegations

12. The general subject matter of this action is the Michigan statutory scheme for the collection of unpaid and delinquent real property taxes through the real property forfeiture and foreclosure statutory process set forth within those amendments to the Michigan General Property Tax Act as contained within Act No. 123, of 1999, being M.C.L. 211.78 - 211.78a-p, as amended (the "Tax Collection Statute").

13. The specific subject matter of this action includes, but may not be limited to, the following statutory provisions, that were in effect at the time giving rise to this action, set forth therein:

> (i) M.C.L. 211.78k, which, inter alia, required that a property tax foreclosure judgment provide that fee simple title to property foreclosed vests absolutely in the foreclosing governmental unit unless redemption is effected, but did not require that Surplus Proceeds after sale by the foreclosing governmental unit be paid to property owners; and,

> (ii) M.C.L. 211.78m, which allowed a foreclosing governmental unit to sell foreclosed real property at auction in the manner set forth therein and allowed it also to retain for its own use, and ultimately place within the defendant county general fund all surplus money obtained on sale in excess of the "minimum bid" after satisfying all delinquent taxes, interest, penalties, fees due and pro-rata estimated expense of administering the sale of the property at auction.

14. Jane C. Schinella owned a legal interest in the real property at 2747 Highway M-189, Iron River, which was foreclosed upon because of

delinquent real property taxes and sold by Iron County at a public foreclosure auction in 2019, resulting in Surplus Proceeds of $68,000.00.

15. Defendant retained money from the real property tax foreclosure auction conducted under the Tax Collection Statute regarding Jane C. Schinella's property above the amount owed for delinquent taxes, interest, penalties, fees, and the estimated pro-rata expenses of administering the sale.

16. Upon demand made, Iron County refused to surrender and deliver to Jane C. Schinella the Surplus Proceeds it kept.

17. Iron County divested Jane C. Schinella's legal interest in her real property described herein and ownership thereof and became vested in it under the judgment of property tax foreclosure entered under said applicable provisions of the GPTA in 2019.

18. Thereafter, under the auspices of MCL 211.78m, at a public auction in 2019, the year the judgment of foreclosure was entered, Iron County sold Jane C. Schinella's property at a price above the minimum bid resulting in the specific Surplus Proceeds set forth herein.

19. Said Surplus Proceeds so arising are personalty, constituting Jane C. Schinella's equity in her former tax-foreclosed real property, reflecting her original and ongoing investments therein, in fact, law and equity.

20. Notwithstanding the same, Iron County retained said Surplus Proceeds without disgorgement to Jane C. Schinella without just compensation, therefore in violation of the 5th and 14th Amendments of the United States Constitution, Article 10, Section 2 of the Michigan Constitution of 1963, and Michigan's common law.

21. By Iron County's action, Jane C. Schinella could not afford housing, suffered loss and use of her money, and experienced extreme mental and emotional suffering.

## Count I
## (Violation Of The United States Constitution's Fifth Amendment Prohibition On Takings Without Just Compensation And Guarantee Of Due Process 42 U.S.C. § 1983)

22. Jane C. Schinella repeats, realleges, and incorporates herein by reference all preceding paragraphs.

23. The Fifth Amendment to the United States Constitution provides, in part material hereto, that "nor shall private property be taken for public use, without just compensation," U.S. Const., Amend. V, said constitutional prohibition being known in colloquial vernacular and jurisprudentially as the "Takings Clause" of the United States Constitution.

24. The Takings Clause applies to all States of the United States of America, and by extension, their subdivisions, instrumentalities, and departments, including Iron County.

25. "[T]he purpose of the Takings Clause is to prevent the government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Palazzolo v. Rhode Island*, 553 U.S. 606, 618 (2001).

26. Iron County's retention of the Surplus Proceeds amounts to taking private property for public use without just compensation.

27. A legislature cannot constitutionally enact a law that effects a taking of private property without just compensation.

28. The common law of Michigan recognizes that any Surplus Proceeds arising from a mortgage foreclosure sale are personalty and a person with an ownership interest in, or who succeeds to an ownership interest in the foreclosed real property, has a right to claim ownership of the personalty.

29. The State of Michigan's judicial and non-judicial mortgage (and land contract) foreclosure statutes recognize that any Surplus Proceeds arising from a mortgage foreclosure sale of real property are, unless subject to subordinate secured creditors, owned by the former owner of the real property. M.C.L. 600.3125 (judicial foreclosure); M.C.L. 600.3257 (foreclosure by advertisement).

30. Jane C. Schinella had a cognizable property interest in her respective parcel and has a cognizable property interest in the Surplus Proceeds protected by the Fifth Amendment to the United States Constitution and its Takings Clause.

31. Iron County physically took Jane C. Schinella's real property and physically took, now possesses, and refuses to tender and deliver to her, the Surplus Proceeds.

32. The Surplus Proceeds from the auction of real property belonging to Jane C. Schinella has or will be spent by Iron County for specific and general public uses, forcing her to bear alone public burdens that, in all fairness and justice, should be borne by the public.

33. Iron County did not offer to pay before the said taking, nor contemporaneously therewith, nor at any time thereafter just compensation for said taking.

34. Jane C. Schinella was never provided by Iron County any procedure whatsoever, and therefore no adequate procedure whatsoever, to seek just compensation for said taking, and accordingly, her right to Due Process guaranteed by the Fifth Amendment was violated.

35. By means of the premises described herein Jane C. Schinella suffered great and material damages and The Takings Clause requires Iron County to pay her money damages equal to and consisting of just compensation for the taking of her private property for public use and all related consequential losses and damages.

36. Jane C. Schinella's constitutional right to just compensation for government seizure of their property for public purposes is a fundamental right deeply rooted in this country's legal traditions and central to the concept of ordered liberty.

37. By taking Jane C. Schinella's private property for public purposes without just compensation, Iron County deprived her of that fundamental right.

38. 42 U.S.C. § 1983 provides that,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. (R.S. §1979; Pub. L. 96–170, §1, Dec. 29, 1979, 93 Stat. 1284; Pub. L. 104–317, title III, §309(c), Oct. 19, 1996, 110 Stat. 3853.)

39. It was the policy and custom of Iron County to use for public purposes and not deliver or tender to Jane C. Schinella her private property,

being said Surplus Proceeds, taken from her without just compensation by the defendant.

40. Defendants is a person under 42 U.S.C. § 1983.

41. Employing the premises described herein, Iron County is liable to Jane C. Schinella under 42 U.S.C. § 1983 for the damages she suffered and must pay her money damages for her injuries and losses.

WHEREFORE, Jane C. Schinella requests this Court enter judgment against Iron County in the amount to which she is found entitled to compensate her for injuries and losses, costs, interest, reasonable attorney fees, and any other relief available under the law.

## Count II
### (Violation Of The United States Constitution's Fourteenth Amendment Prohibition On Depriving A Person Of Property Without Due Process 42 U.S.C. § 1983)

42. Jane C. Schinella repeats, realleges, and incorporates herein by reference all preceding paragraphs.

43. The Fourteenth Amendment of the United States Constitution prohibits state actors from depriving an individual of property without due process of law.

44. The 14th Amendment's due process clause protects the rights to notice and a hearing when the state deprives an individual of a fundamental property interest.

45. Jane C. Schinella had a fundamental property interest in the Surplus Proceeds.

46. Iron County violated Jane C. Schinella's federal due process rights by keeping and using the Surplus Proceeds without providing notice

and an opportunity to be heard on whether those proceeds should have been returned to her.

47. Iron County's violation of the 14th Amendment's due process clause cause caused Jane C. Schinella to suffer personal injuries and material losses.

48. Iron County is liable to Jane C. Schinella under 42 U.S.C. § 1983 for the damages she suffered and must pay her money damages for her injuries and losses.

WHEREFORE, Jane C. Schinella requests this Court enter judgment against Iron County in the amount to which she is found entitled to compensate her for injuries and losses, together with costs, interest, reasonable attorney fees, and any other relief available under the law.

## Count III:
## (Unjust Enrichment)

49. Jane C. Schinella repeats, realleges, and incorporates herein by reference all preceding paragraphs.

50. The State of Michigan recognizes a cause of action for unjust enrichment. *Innotext, Inc. v. Petra'Lex USA Inc.*, 694 F.3d 581, 594 (6th Cir. 2012) (quoting *Barber v. SMH (US), Inc.*, 509 N.W.2d 791, 796 (Mich. Ct. App. 1993)).

51. Jane C. Schinella owned equity in her respective property that exceeded the value of her respective debt to Iron County.

52. By taking and keeping the Surplus Proceeds, Iron County received a benefit from Jane C. Schinella.

53. An inequity resulted to Jane C. Schinella because Iron County retained the Surplus Proceeds.

54. Iron County unjustly enriched itself by taking and retaining the equity interest in Jane C. Schinella's property.

55. Iron County's retention of the Surplus Proceeds has caused harm to Jane C. Schinella, making it legally responsible to compensate her for all of her damages.

**WHEREFORE**, Jane C. Schinella requests this Court enter judgment against Iron County in the amount to which she is found entitled to compensate her for injuries and losses, together with costs, interest, reasonable attorney fees, and any other relief available under the law.

Dated: August 14, 2023      **Petrucelli & Waara, P.C.**
Attorneys for Plaintiff

By:  s/Vincent R. Petrucelli
Vincent R. Petrucelli
328 West Genesee St., P.O. Box AA
Iron River, Michigan 49935
Telephone: 906-265-6173
vincent@truthfinders.com

### Jury Trial Demand

Jane C. Schinella demands trial by jury.

Dated: August 14, 2023      **Petrucelli & Waara, P.C.**
Attorneys for Plaintiff

By:  s/Vincent R. Petrucelli
Vincent R. Petrucelli
328 West Genesee St., P.O. Box AA
Iron River, Michigan 49935
Telephone: 906-265-6173
vincent@truthfinders.com